UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAMES P. LYNCH and LINDA LYNCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    1:20-cv-2477 |
| | ) | |
| ZACKARY L. COLLINS, Individually and | ) | Judge Thomas Durkin |
| as an agent and/or employee of OLD SOUTH | ) | |
| FREIGHT SERVICE, INC. and SPARKY | ) | Magistrate Judge Maria Valdez |
| TRANSPORT, LLC; and OLD SOUTH | ) | |
| FREIGHT SERVICE, INC., by and through its | ) | JURY DEMANDED |
| agent and/or employee ZACKARY L. COLLINS; | ) | |
| and SPARKY TRANSPORT, LLC, by | ) | |
| and through its agent and/or employee | ) | |
| ZACKARY L. COLLINS, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff JAMES P. LYNCH and LIND LYNCH, by and through their attorneys, POWER ROGERS, LLP, hereby complaining of Defendants, ZACKARY L. COLLINS, individually and as an agent and/or employee of OLD SOUTH FREIGHT SERVICE, INC. and SPARKY TRANSPORT, LLC; and OLD SOUTH FREIGHT SERVICE, INC., by and through its agent and/or employee ZACKARY L. COLLINS; and SPARKY TRANSPORT, LLC, by and through its agent and/or employee ZACKARY L. COLLINS, pleading hypothetically and in the alternative, states as follows:

## JURISDICTIONAL STATEMENT

1.      This case arises severe and permanent physical and neurological injuries incurred by Plaintiff, James Lynch, when his vehicle was struck by a tractor driven by Defendant Zackary Collins, which was owned by Defendant Old South Freight Service, Inc. and that was pulling a trailer owned by Defendant Sparky Transport, LLC.

2.    The incident at issue occurred falls within this Honorable Court's territorial jurisdiction as it occurred within the Northern District in the County of Will, State of Illinois.

3.    Plaintiffs, James and Linda Lynch, both are and were at all times relevant residents of the State of Indiana.

4.    Upon information and belief, and at all times relevant, Defendant Zackary Collins is a resident of the State of Missouri.

5.    At all times relevant, Defendant Old South Freight Services, Inc., is a Tennessee corporation with its principle place of business in Cedar Hill, County of Cheatham, State of Tennessee.

6.    At all times relevant, Defendant Sparky Transport, LLC, is a Missouri corporation with its principle place of business in St. Charles, County of Saint Charles, State of Missouri.

7.    As a result of the incident alleged herein, Plaintiffs have incurred damages far in excess of jurisdictional limit for amount in controversy as set forth under 28 U.S.C. § 1332(a).

8.    In light of the forgoing, jurisdiction before this Honorable Court is established pursuant to 28 U.S.C. § 1332(a) and (a)(1).

## COUNT I
**(Negligence – OLD SOUTH FREIGHT SERVICE, INC. and ZACKARY L. COLLINS)**

1.    On October 31, 2018, and at all times material, there was a four-way stop at the intersection of Manhattan-Monee Road and Center Road in the City of Monee, County of Will, State of Illinois.

2.      On October 31, 2018, and at all times material, Defendant OLD SOUTH FREIGHT SERVICE (hereinafter "OLD SOUTH") was a corporation, transacting and doing business in Illinois.

3.      On October 31, 2018, and at all times material, Defendant OLD SOUTH was a licensed federal commercial motor carrier with Motor Carrier Number 157302, USDOT# 201752.

4.      On October 31, 2018, and at all times material, Defendant ZACKARY L. COLLINS (hereinafter "COLLINS") was driving a 2016 International TT, with Tennessee license plate H7740HY and Vehicle Identification Number 3HSCXAPR0GN750087.

5.  On October 31, 2018, and at all times material, Defendant COLLINS was pulling a flatbed trailer owned by Defendant SPARKY TRANSPORT, LLC (hereinafter "SPARKY").

6.      On October 31, 2018, and at all times material, Defendant COLLINS was an agent and/or employee of Defendant OLD SOUTH and was acting within the course and scope of his agency and/or employment.

7.      On October 31, 2018, and at all times material, Defendant COLLINS operated, guided, and controlled a truck that was owned and maintained by the Defendant OLD SOUTH.

8.      On October 31, 2018, and at all times material, Plaintiff JAMES P. LYNCH (hereinafter "LYNCH") was driving a 2001 Ford F450 Series, with Illinois license plate 288224D and Vehicle Identification Number 1FCLE49L21HB61715.

9.      On October 31, 2018, and at all times material, Plaintiff LYNCH operated, maintained, and controlled the aforementioned vehicle in an eastbound direction on

Manhattan-Monee Road at or near the intersection of Manhattan-Monee Road and Center Road in the City of Monee, County of Will, State of Illinois.

10.     On October 31, 2018, and at all times material, Defendant OLD SOUTH owned, maintained, and controlled a certain truck, which was operated and controlled by its agent and/or employee COLLINS in a southbound direction on Center Road, at or near the intersection of Manhattan-Monee Road and Center Road in the City of Monee, County of Will, State of Illinois.

11.     On October 31, 2018, and at all times material, it was the duty of Defendants OLD SOUTH, by and through its agent and/or employee COLLINS, and COLLINS, individually and as agent and/or employee of OLD SOUTH, to exercise reasonable care and caution in the operation, control, ownership, maintenance, and guidance of said truck for the safety of others, including the Plaintiff.

12.     On October 31, 2018, and at all times material, Plaintiff LYNCH was at a stop sign at the intersection of Manhattan-Monee Road and Center Road.

13.     On October 31, 2018, and at all times material, Plaintiff LYNCH checked both ways, saw no traffic, and began to proceed into the intersection.

14.     On October 31, 2018, and at all times material, Defendant COLLINS fell asleep while operating his vehicle.

15.     On October 31, 2018, and at all times material, Defendant COLLINS disregarded a stop sign at the intersection of Manhattan-Monee Road and Center Road.

16.     On October 31, 2018, and at all times material, Defendant COLLINS awoke as he drove past the stop sign into the intersection.

17.     On October 31, 2018, and at all times material, the vehicle owned, maintained, and controlled by OLD SOUTH and operated and controlled by COLLINS, individually and as an agent and/or employee of OLD SOUTH, struck and collided with the driver side of the vehicle occupied by the Plaintiff.

18.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. §390.5.

19.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

20.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it. 49 C.F.R. §390.5.

21.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define an "Employer" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor

vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

22.      On October 31, 2018, and at all times material, the truck driven by Defendant COLLINS was a tractor and therefore a motor vehicle as defined by the Motor Carrier Safety Regulations.

23.      On October 31, 2018, and at all times material, Defendant COLLINS was a driver of said motor vehicle and therefore an employee as defined by the Motor Carrier Safety Regulations.

24.      On October 31, 2018, and at all times material, Defendant OLD SOUTH owned a commercial motor vehicle involved in this occurrence, namely the truck as defined by the Motor Carrier Safety Regulations.

25.      That as a motor carrier, Defendant OLD SOUTH had a duty to require observance by its drivers, including Defendant COLLINS, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

26.      On October 31, 2018, and at all times material, Defendant OLD SOUTH, by and through its agent and/or employee, Defendant COLLINS, as a motor carrier, had a duty to exercise ordinary care to avoid colliding with the motor vehicle occupied by Plaintiff LYNCH.

27.      On October 31, 2018, and at all times material, Defendants OLD SOUTH, by and through its agent and/or employee COLLINS, and COLLINS, individually and as an agent and/or employee of OLD SOUTH, had a duty to exercise ordinary care and caution for the safety and welfare of Plaintiff LYNCH.

28.     On October 31, 2018, and at all times material, Defendants OLD SOUTH, by and through its agent and/or employee COLLINS, and COLLINS, individually and as an agent and/or employee of OLD SOUTH, had a duty to see and observe vehicle which he should have seen, or which were obviously visible in the roadway.

29.     On October 31, 2018, and at all times material, Defendants OLD SOUTH, by and through its agent and/or employee COLLINS, and COLLINS, individually and as an agent and/or employee of OLD SOUTH, had a duty to ensure that COLLINS was physically capable of operating a commercial vehicle.

30.     On October 31, 2018, and at all times material, Defendants OLD SOUTH, by and through its agent and/or employee COLLINS, and COLLINS, individually and as an agent and/or employee of OLD SOUTH, had a duty to obey the statutes and laws of the State of Illinois.

31.     That notwithstanding said duties, Defendants OLD SOUTH, by and through its agent and/or employee COLLINS, and COLLINS, individually and as an agent and/or employee of OLD SOUTH, were guilty of one or more of the following acts and/or omissions:

   a. Fell asleep while operating a motor vehicle;
   b. Failed to stop in accordance with a posted "STOP" sign, contrary to and in violation of 625 ILCS § 5/11-305;
   c. Failed to keep a safe and proper lookout for other vehicles, contrary to and in violation of 49 C.F.R. § 390.11;
   d. Failed to give audible warning of the approach of said motor vehicle, contrary to and in violation of 625 ILCS 5/12-601;
   e. Failed to comply with Federal Motor Carrier Safety Regulation 49 C.F.R. §395.3 and §392.3 regarding hours of service and fatigue;
   f. Failed to properly maintain and operate the truck, contrary to and in violation of 49 C.F.R. § 390.11;
   g. Defendant OLD SOUTH is vicariously liable for the negligent acts and omissions of its agent, Defendant COLLINS, for the conduct alleged above, contrary to and

in violation of 49 C.F.R §390.11 adopted by reference in IC 8-2.1-24-18(a) and 625 ILCS 5/18b-105;

h. Defendant OLD SOUTH was negligent in the supervision and oversight of its agent, Defendant COLLINS with respect to the operation, maintenance and use of the truck by Defendant COLLINS contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in 2.1-24-18(a) and 625 ILCS 5/18b-105;

i. Failed to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, contrary to and in violation of 625 ILCS 5/11-601, and IC 9-21-5-1;

j. Operated the truck at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. § 292.16;

k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop contrary to and in violation of 625 ILCS 5/12-301, and IC 9-21-5-4;

l. Failed to yield the right of way so as to avoid colliding with other vehicles legally on the roadway;

m. Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

n. Was otherwise negligent.

32.    As a direct and proximate cause of one or more of the aforesaid negligent acts and/or omissions of Defendants OLD SOUTH and COLLINS, Plaintiff James P. Lynch suffered injuries of a personal, pecuniary, and permanent nature; has suffered and will continue to suffer severe pain and discomfort; and has lost the ability to live a normal life. Additionally, LYNCH has incurred numerous hospital and medical expenses.

WHEREFORE Plaintiff JAMES P. LYNCH and LINDA LYNCH, by and through their attorneys, POWER ROGERS & SMITH, LLP, demands judgment against Defendants ZACKARY L. COLLINS, individually and as an agent and/or employee of OLD SOUTH FREIGHT SERVICE, INC., and OLD SOUTH FREIGHT SERVICE, INC., by and through its agent and/or employee ZACKARY L. COLLINS, for such sum of money in excess of SEVETY FIVE THOUSAND DOLLARS ($75,000.00), as shall represent fair and just compensation.

## COUNT II
### (Loss of Consortium – OLD SOUTH FREIGHT SERVICE, INC. and ZACKARY L. COLLINS)

1-31. Plaintiffs repeats and realleges paragraphs 1 through 31 of Count I, as though set forth verbatim herein.

32. At all times relevant, Plaintiff Linda Lynch was the lawfully wedded wife of Plaintiff James Lynch.

33. As a proximate result of the injuries suffered by James P. Lynch, Linda Lynch suffered the loss of love, society and companionship, including a loss of consortium, as well as the loss of household services by her husband.

WHEREFORE, Plaintiffs, JAMES P. LYNCH and LINDA LYNCH, prays for judgement against the Defendants, ZACKARY L. COLLINS, individually and as an agent and/or employee of OLD SOUTH FREIGHT SERVICE, INC., and OLD SOUTH FREIGHT SERVICE, INC., by and through its agent and/or employee ZACKARY L. COLLINS, for an amount in excess of SEVETY FIVE THOUSAND DOLLARS ($75,000.00), which shall represent fair and just compensation, together with the costs of bringing this action.

## COUNT III

### (Negligence – SPARKY TRANSPORT, LLC and ZACKARY L. COLLINS)

1. On October 31, 2018, and at all times material, there was a four-way stop at the intersection of Manhattan-Monee Road and Center Road in the City of Monee, County of Will, State of Illinois.

2. On October 31, 2018, and at all times material, Defendant SPARKY TRANSPORT, LLC, (hereinafter "SPARKY") was a corporation, transacting and doing business in Illinois.

3.      On October 31, 2018, and at all times material, Defendant SPARKY was a licensed federal commercial motor carrier with Motor Carrier Number 157302 and USDOT# 201752.

4.      On October 31, 2018, and at all times material, Defendant ZACKARY L. COLLINS (hereinafter "COLLINS") was driving a 2016 International TT, with Tennessee license plate H7740HY and Vehicle Identification Number 3HSCXAPR0GN750087.

5.      On October 31, 2018, and at all times material, the vehicle being operated by Defendant COLLINS was pulling a trailer owned by Defendant SPARKY.

6.      On October 31, 2018, and at all times material, Defendant COLLINS was an agent and/or employee of Defendant SPARKY and was acting within the course and scope of his agency and/or employment relationship.

7.      On October 31, 2018, and at all times material, Defendant COLLINS operated, guided, and controlled a trailer that was owned and maintained by the Defendant SPARKY.

8.      On October 31, 2018, and at all times material, Plaintiff JAMES P. LYNCH (hereinafter "LYNCH") was driving a 2001 Ford F450 Series, with Illinois license plate 288224D and Vehicle Identification Number 1FCLE49L21HB61715.

9.      On October 31, 2018, and at all times material, Plaintiff LYNCH operated, maintained, and controlled the aforementioned vehicle in an eastbound direction on Manhattan-Monee Road at or near the intersection of Manhattan-Monee Road and Center Road in the City of Monee, County of Will, State of Illinois.

10.     On October 31, 2018, and at all times material, Defendant SPARKY owned, maintained, and controlled a certain trailer, which was operated and controlled by its agent and/or employee COLLINS in a southbound direction on Center Road, at or near the

intersection of Manhattan-Monee Road and Center Road in the City of Monee, County of Will, State of Illinois.

11.     On October 31, 2018, and at all times material, it was the duty of Defendants SPARKY, by and through its agent and/or employee COLLINS, and COLLINS, individually and as agent and/or employee of SPARKY, to exercise reasonable care and caution in the operation, control, ownership, maintenance, and guidance of said trailer for the safety of others, including the Plaintiff.

12.     On October 31, 2018, and at all times material, Plaintiff LYNCH was at a stop sign at the intersection of Manhattan-Monee Road and Center Road.

13.     On October 31, 2018, and at all times material, Plaintiff LYNCH checked both ways, saw no traffic, and began to proceed into the intersection.

14.     On October 31, 2018, and at all times material, Defendant COLLINS fell asleep while operating his vehicle which was pulling the trailer owned by Defendant SPARKY.

15.     On October 31, 2018, and at all times material, Defendant COLLINS disregarded a stop sign at the intersection of Manhattan-Monee Road and Center Road.

16.     On October 31, 2018, and at all times material, Defendant COLLINS awoke as he drove past the stop sign into the intersection.

17.     On October 31, 2018, and at all times material, the trailer owned, maintained, and controlled by SPARKY and operated and controlled by COLLINS, individually and as an agent and/or employee of OLD SOUTH, struck and collided with the driver side of the vehicle occupied by the Plaintiff.

18.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier;

including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. §390.5.

19.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

20.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it. 49 C.F.R. §390.5.

21.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define an "Employer" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

22.     On October 31, 2018, and at all times material, the trailer being pulled by Defendant COLLINS was a trailer and therefore a motor vehicle as defined by the Motor Carrier Safety Regulations.

23.     On October 31, 2018, and at all times material, Defendant COLLINS was a driver of said motor vehicle and therefore an employee as defined by the Motor Carrier Safety Regulations.

24.     On October 31, 2018, and at all times material, Defendant SPARKY owned a commercial motor vehicle involved in this occurrence, namely the trailer as defined by the Motor Carrier Safety Regulations.

25.     That as a motor carrier, Defendant SPARKY had a duty to require observance by its drivers, including Defendant COLLINS, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

26.     On October 31, 2018, and at all times material, Defendant SPARKY, by and through its agent and/or employee Defendant COLLINS, as a motor carrier, had a duty to exercise ordinary care to avoid colliding with the motor vehicle occupied by Plaintiff LYNCH.

27.     On October 31, 2018, and at all times material, Defendants SPARKY, by and through its agent and/or employee COLLINS, and COLLINS, individually and as an agent and/or employee of SPARKY, had a duty to exercise ordinary care and caution for the safety and welfare of Plaintiff LYNCH.

28.     On October 31, 2018, and at all times material, Defendants SPARKY, by and through its agent and/or employee COLLINS, and COLLINS, individually and as an agent and/or employee of SPARKY, had a duty to see and observe vehicles which he should have seen, or which were obviously visible in the roadway.

29.     On October 31, 2018, and at all times material, Defendants SPARKY, by and through its agent and/or employee COLLINS, and COLLINS, individually and as an agent

and/or employee of SPARKY, had a duty to ensure that COLLINS was physically capable of operating a commercial vehicle.

30.     On October 31, 2018, and at all times material, Defendants SPARKY, by and through its agent and/or employee COLLINS, and COLLINS, individually and as an agent and/or employee of SPARKY, had a duty to obey the statutes and laws of the State of Illinois.

31.     That notwithstanding said duties, Defendants SPARKY, by and through its agent and/or employee COLLINS, and COLLINS, individually and as an agent and/or employee of SPARKY, were guilty of one or more of the following acts and/or omissions:

    a. Fell asleep while operating a motor vehicle;
    b. Failed to stop in accordance with a posted "STOP" sign, contrary to and in violation of 625 ILCS § 5/11-305;
    c. Failed to keep a safe and proper lookout for other vehicles, contrary to and in violation of 49 C.F.R. § 390.11;
    d. Failed to give audible warning of the approach of said motor vehicle, contrary to and in violation of 625 ILCS 5/12-601;
    e. Failed to comply with Federal Motor Carrier Safety Regulation 49 C.F.R. §395.3 and §392.3 regarding hours of service and fatigue;
    f. Failed to properly maintain and operate the trailer, contrary to and in violation of 49 C.F.R. § 390.11;
    g. Defendant SPARKY is vicariously liable for the negligent acts and omissions of its agent, Defendant COLLINS, for the conduct alleged above, contrary to and in violation of 49 C.F.R §390.11 adopted by reference in IC 8-2.1-24-18(a) and 625 ILCS 5/18b-105;
    h. Defendant SPARKY was negligent in the supervision and oversight of its agent, Defendant COLLINS with respect to the operation, maintenance and use of the trailer by Defendant COLLINS contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in 2.1-24-18(a) and 625 ILCS 5/18b-105;
    i. Failed to decrease speed so as to avoid colliding with Plaintiff's motor vehicle, contrary to and in violation of 625 ILCS 5/11-601, and IC 9-21-5-1;
    j. Operated the trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 49 C.F.R. § 292.16;
    k. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe stop contrary to and in violation of 625 ILCS 5/12-301, and IC 9-21-5-4;
    l. Failed to yield the right of way so as to avoid colliding with other vehicles legally on the roadway;

    m.  Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed; or

    n.  Was otherwise negligent.

32.    As a direct and proximate cause of one or more of the aforesaid negligent acts and/or omissions of Defendants SPARKY and COLLINS, Plaintiff James P. Lynch suffered injuries of a personal, pecuniary, and permanent nature; has suffered and will continue to suffer severe pain and discomfort; and has lost the ability to live a normal life. Additionally, LYNCH has incurred numerous hospital and medical expenses.

WHEREFORE Plaintiff JAMES P. LYNCH and LINDA LYNCH, by and through their attorneys, POWER ROGERS & SMITH, LLP, demands judgment against Defendants ZACKARY L. COLLINS, individually and as an agent and/or employee of SPARKY TRANSPORT, LLC, and SPARK TRANSPORT, LLC, by and through its agent and/or employee ZACKARY L. COLLINS, for such sum of money in excess of SEVETY FIVE THOUSAND DOLLARS ($75,000.00), as shall represent fair and just compensation.

## <u>COUNT IV</u>
**(Loss of Consortium – SPARKY TRANSPORT, LLC and ZACKARY L. COLLINS)**

1-31.    Plaintiff repeats and realleges paragraphs 1 through 31 of Count I, as though set forth verbatim herein.

32.    At all times relevant, Plaintiff Linda Lynch was the lawfully wedded wife of Plaintiff James Lynch.

33.    As a proximate result of the injuries suffered by James P. Lynch, Linda Lynch suffered the loss of love, society and companionship, including a loss of consortium, as well as the loss of household services by her husband.

WHEREFORE Plaintiff JAMES P. LYNCH and LINDA LYNCH, by and through their attorneys, POWER ROGERS & SMITH, LLP, demands judgment against Defendants ZACKARY

L. COLLINS, individually and as an agent and/or employee of SPARKY TRANSPORT, LLC, and SPARKY TRANSPORT, LLC, by and through its agent and/or employee ZACKARY L. COLLINS, for such sum of money in excess of SEVETY FIVE THOUSAND DOLLARS ($75,000.00), as shall represent fair and just compensation.

## COUNT V
### (Negligence –ZACKARY L. COLLINS)

1. On October 31, 2018, and at all times material, there was a four-way stop at the intersection of Manhattan-Monee Road and Center Road in the City of Monee, County of Will, State of Illinois.

2. On October 31, 2018, and at all times material, Defendant ZACKARY L. COLLINS (hereinafter "COLLINS") was driving a 2016 International TT, with Tennessee license plate H7740HY and Vehicle Identification Number 3HSCXAPR0GN750087.

3. On October 31, 2018, and at all times material, Defendant COLLINS was pulling a flatbed trailer owned by Defendant SPARKY TRANSPORT, LLC (hereinafter "SPARKY").

4. On October 31, 2018, and at all times material, Defendant COLLINS was an agent and/or employee of Defendant OLD SOUTH and was acting within the course and scope of his agency and/or employment.

5. On October 31, 2018, and at all times material, Defendant COLLINS was an agent and/or employee of Defendant SPARKY and was acting within the course and scope of his agency and/or employment.

6. On October 31, 2018, and at all times material, Defendant COLLINS operated, guided, and controlled a truck that was owned and maintained by the Defendant OLD SOUTH.

7.     On October 31, 2018, and at all times material, Plaintiff JAMES P. LYNCH (hereinafter "LYNCH") was driving a 2001 Ford F450 Series, with Illinois license plate 288224D and Vehicle Identification Number 1FCLE49L21HB61715.

8.     On October 31, 2018, and at all times material, Plaintiff LYNCH operated, maintained, and controlled the aforementioned vehicle in an eastbound direction on Manhattan-Monee Road at or near the intersection of Manhattan-Monee Road and Center Road in the City of Monee, County of Will, State of Illinois.

9.     On October 31, 2018, and at all times material, Defendant OLD SOUTH owned, maintained, and controlled a certain truck, which was operated and controlled by its agent and/or employee COLLINS in a southbound direction on Center Road, at or near the intersection of Manhattan-Monee Road and Center Road in the City of Monee, County of Will, State of Illinois.

10.    On October 31, 2018, and at all times material, it was the duty of Defendants OLD SOUTH, by and through its agent and/or employee COLLINS, and COLLINS, individually and as agent and/or employee of OLD SOUTH, to exercise reasonable care and caution in the operation, control, ownership, maintenance, and guidance of said truck for the safety of others, including the Plaintiff.

11.    On October 31, 2018, and at all times material, Plaintiff LYNCH was at a stop sign at the intersection of Manhattan-Monee Road and Center Road.

12.    On October 31, 2018, and at all times material, Plaintiff LYNCH checked both ways, saw no traffic, and began to proceed into the intersection.

13.    On October 31, 2018, and at all times material, Defendant COLLINS fell asleep while operating his vehicle.

14.     On October 31, 2018, and at all times material, Defendant COLLINS disregarded a stop sign at the intersection of Manhattan-Monee Road and Center Road.

15.     On October 31, 2018, and at all times material, Defendant COLLINS awoke as he drove past the stop sign into the intersection.

16.     On October 31, 2018, and at all times material, the vehicle owned, maintained, and controlled by OLD SOUTH and operated and controlled by COLLINS, individually and as an agent and/or employee of OLD SOUTH, struck and collided with the driver side of the vehicle occupied by the Plaintiff.

17.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. §390.5.

18.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any combination thereof determined by the Federal Motor Carrier Safety Administration. 49 C.F.R. §390.5.

19.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business or assigns employees to operate it. 49 C.F.R. §390.5.

20.     On October 31, 2018, and at all times material, the Motor Carrier Safety Regulations define an "Employer" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

21.     On October 31, 2018, and at all times material, the truck driven by Defendant COLLINS was a tractor and therefore a motor vehicle as defined by the Motor Carrier Safety Regulations.

22.     On October 31, 2018, and at all times material, Defendant COLLINS was a driver of said motor vehicle and therefore an employee as defined by the Motor Carrier Safety Regulations.

23.     On October 31, 2018, and at all times material, Defendant OLD SOUTH owned a commercial motor vehicle involved in this occurrence, namely the truck as defined by the Motor Carrier Safety Regulations.

24.     That as a motor carrier, Defendant COLLINS was required to comply with all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. §390.11.

25.     On October 31, 2018, and at all times material, Defendant COLLINS had a duty to exercise ordinary care to avoid colliding with other motor vehicles, including but not limited to that occupied by Plaintiff LYNCH.

26.     On October 31, 2018, and at all times material, Defendant COLLINS had a duty to exercise ordinary care and caution for the safety and welfare of Plaintiff LYNCH.

27.     On October 31, 2018, and at all times material, Defendant COLLINS had a duty to

see and observe vehicle which he should have seen, or which were obviously visible in the

roadway.

28.     On October 31, 2018, and at all times material, Defendant COLLINS had a duty to

ensure that COLLINS was physically capable of operating a commercial vehicle.

29.     On October 31, 2018, and at all times material, Defendant COLLINS had a duty to

obey the statutes and laws of the State of Illinois.

30.     That notwithstanding said duties, Defendant COLLINS were guilty of one or more

of the following acts and/or omissions:

   a. Fell asleep while operating a motor vehicle;
   b. Failed to stop in accordance with a posted "STOP" sign, contrary to and in
      violation of 625 ILCS § 5/11-305;
   c. Failed to keep a safe and proper lookout for other vehicles, contrary to and
      in violation of 49 C.F.R. § 390.11;
   d. Failed to give audible warning of the approach of said motor vehicle,
      contrary to and in violation of 625 ILCS 5/12-601;
   e. Failed to comply with Federal Motor Carrier Safety Regulation 49 C.F.R.
      §395.3 and §392.3 regarding hours of service and fatigue;
   f. Failed to properly maintain and operate the truck, contrary to and in
      violation of 49 C.F.R. § 390.11;
   g. Failed to decrease speed so as to avoid colliding with Plaintiff's motor
      vehicle, contrary to and in violation of 625 ILCS 5/11-601, and IC 9-21-5-
      1;
   h. Operated the truck at an excessive rate of speed for the circumstances then
      existing, contrary to and in violation of 49 C.F.R. § 292.16;
   i. Failed to apply brakes in a timely manner so as to bring his vehicle to a safe
      stop contrary to and in violation of 625 ILCS 5/12-301, and IC 9-21-5-4;
   j. Failed to yield the right of way so as to avoid colliding with other vehicles
      legally on the roadway;
   k. Failed to see and observe Plaintiff's vehicle when it could and should have
      been seen and observed; or
   l. Was otherwise negligent.

31.     As a direct and proximate cause of one or more of the aforesaid negligent acts

and/or omissions of Defendants OLD SOUTH and COLLINS, Plaintiff James P. Lynch

suffered injuries of a personal, pecuniary, and permanent nature; has suffered and will continue to suffer severe pain and discomfort; and has lost the ability to live a normal life. Additionally, LYNCH has incurred numerous hospital and medical expenses.

WHEREFORE Plaintiff JAMES P. LYNCH and LINDA LYNCH, by and through their attorneys, POWER ROGERS & SMITH, LLP, demands judgment against Defendant ZACKARY L. COLLINS for such sum of money in excess of SEVETY FIVE THOUSAND DOLLARS ($75,000.00) as shall represent fair and just compensation.

## COUNT VI
### (Loss of Consortium –ZACKARY L. COLLINS)

1-31.    Plaintiffs repeats and realleges paragraphs 1 through 31 of Count V, as though set forth verbatim herein.

32.      At all times relevant, Plaintiff, Linda Lynch, was the lawfully wedded wife of Plaintiff James Lynch.

33.      As a proximate result of the injuries suffered by James P. Lynch, Linda Lynch suffered the loss of love, society and companionship, including a loss of consortium, as well as the loss of household services by her husband.

WHEREFORE, Plaintiffs, JAMES P. LYNCH and LINDA LYNCH, prays for judgement against the Defendants, ZACKARY L. COLLINS, individually and as an agent and/or employee of OLD SOUTH FREIGHT SERVICE, INC., and OLD SOUTH FREIGHT SERVICE, INC., by and through its agent and/or employee ZACKARY L. COLLINS, for an amount in excess of SEVETY FIVE THOUSAND DOLLARS ($75,000.00), which shall represent fair and just compensation, together with the costs of bringing this action.

Respectfully Submitted,

POWER ROGERS, LLP

By:   /s/James I. Power
Attorney for the Plaintiff

Joseph A. Power, Jr. (ARDC #2244276)
James I. Power (ARDC #6324519)
POWER ROGERS, LLP
70 W. Madison Street, # 5500
Chicago, Illinois 60602
Telephone: 312/236-9381
joepower@powerrogers.com
jamespower@powerrogers.com