UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES P. LYNCH and LINDA LYNCH,

Plaintiffs,

v.

ZACKARY L. COLLINS, et al.,

Defendants.

No. 20 C 02477

Judge Thomas M. Durkin

## MEMORANDUM OPINION AND ORDER

This is a trucking collision case in which plaintiffs James and Linda Lynch sued the driver of the truck that collided with Mr. Lynch's car, along with several companies connected to the truck. Before the court is a motion to dismiss filed by one of those companies, 19th Capital Group. For the reasons set forth below, the Court converts 19th Capital's motion to one for summary judgment, and grants it.

## Background

On October 31, 2018, defendant Zackary Collins was driving a tractor-trailer when he allegedly fell asleep and drove through a stop sign. His truck collided with the car driven by James Lynch, who suffered various injuries. Plaintiffs sued Collins and several corporations that allegedly employed him, owned or operated the tractor-trailer in question, or were otherwise vicariously liable. In counts 13 through 18 of their second amended complaint, Plaintiffs assert claims for negligence, loss of consortium, negligent hiring, and negligent supervision against 19th Capital, either individually or as Collins's employer.

1

19th Capital moved to dismiss all the claims against it, arguing that it was solely the lessor of the subject trailer and maintained no control or authority over the vehicle at the time of the accident. 19th Capital's motion was accompanied by an affidavit from Cindy Clipper, a litigation administrator for 19th Capital Group, LLC, which states in essence that 19th Capital leased the trailer to TTML (another defendant) on July 30, 2018, before the date of the accident. Clipper's affidavit also states that Zackary Collins was not and has never been an employee or agent of 19th Capital.

After 19th Capital filed its motion, the parties appeared at a status conference on December 22, 2021. At that conference, the Court noted that consideration of the affidavit accompanying the motion would likely necessitate conversion of the motion into one for summary judgment. Plaintiffs requested leave to conduct limited discovery on the matters at issue in the motion. The Court granted this request and directed Plaintiffs to file their response to the motion once the discovery was complete. Plaintiffs served interrogatories on 19th Capital and deposed Ms. Clipper as part of this discovery.

## Discussion

When a court considers materials outside the pleadings on a Rule 12(b)(6) motion to dismiss, the motion is converted into one for summary judgment. *Texas Hill Country Landscaping, Inc. v. Caterpillar, Inc.*, 522 F. Supp. 3d 402, 412 (N.D. Ill. 2021). In such cases, all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here, Plaintiffs had nearly six months to engage in discovery on any matters they felt were pertinent

2

to the motion before filing their response. As such, the Court exercises its discretion to convert 19th Capital's motion into one for summary judgment, and will consider materials outside the pleadings presented by the parties.

19th Capital contends it is immune from liability in this case under 49 U.S.C. § 30106, commonly known as the "Graves Amendment." The Graves Amendment states:

> (a) An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>
> > (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> >
> > (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

No party disputes that 19th Capital is engaged in the business of renting or leasing motor vehicles, so that element of the Graves Amendment is satisfied. However, as other courts have held, the Graves Amendment does not block a direct negligence claim against a vehicle lessor. *Johnke v. Espinal-Quiroz*, 2016 WL 454333, at *5 (N.D. Ill. Feb. 5, 2016). This would include Plaintiffs' negligent hiring and negligent supervision claims, which are direct liability claims and are not subject to the Graves Amendment. *See Fuller v. Briggs*, 2021 WL 1237100, at *5 (N.D. Tex. Apr. 2, 2021); *Montize v. Pittman Props. Ltd. P'ship No. 1*, 719 F. Supp. 2d 1052, 1057 (W.D. Ark. 2010).

Plaintiffs argue their vicarious liability claims for negligence and loss of consortium are also outside the Graves Amendment because they do not seek to impose liability on 19th Capital solely, in the terms of the Amendment, "by reason of being the owner of the vehicle." Instead, they premise liability on an employer-employee relationship. The court in *Johnke* endorsed this view of the interplay between vicarious liability claims and the Graves Amendment, and this Court agrees. A claim premised on an employment or agency relationship between a driver and vehicle owner does not seek to impose liability on the latter merely because it is the owner of the vehicle. *Johnke*, 2016 WL 454333, at *8. Therefore, the Graves Amendment does not apply to these claims either.

The common thread in all of Plaintiffs' claims against 19th Capital is the existence of an employer-employee relationship. Because it has converted the motion into one for summary judgment, the Court must determine whether the evidence, taken in the light most favorable to Plaintiffs, would permit a reasonable factfinder to conclude that 19th Capital was Collins's employer at the time of the crash.

The Court finds no evidence in the record to support this conclusion. Plaintiffs have cited to no evidence gathered in discovery that supports their claims, instead referencing their "allegations" of an employment relationship between 19th Capital and Collins while citing to the motion to dismiss standard in which a court accepts as true any facts alleged in the complaint. *See* R. 79, at 2-3.

As noted, Plaintiffs had months to conduct discovery on this issue, and knew the basis for 19th Capital's motion well before even the December 2021 status

conference. They cannot now turn back to the plaintiff-friendly pleading standard because no helpful evidence seems to have emerged. Because Plaintiffs had notice and a fair opportunity to present additional material they deemed pertinent, the summary judgment standard applies here. *Dovenmuehle v. Gilldorn Mortg. Midwest Corp.*, 871 F.2d 697, 699 n.1 (7th Cir. 1989). Under that standard, the Court is not required to credit a plaintiff's bare accusations, and the plaintiff must come forward with "specific facts showing that there is a genuine issue for trial." *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 894, 896 (7th Cir. 2018).

The evidence in the record shows that prior to the date of the accident, 19th Capital leased the subject trailer to TTML Enterprises, a commercial entity and a defendant in this case, which in turn leased it to Old South Freight Service, another defendant. Further, on the day of the accident, Collins was operating the truck under the motor carrier authority of Old South. Clipper's affidavit states unequivocally that Collins was not and has never been an employee of 19th Capital, and Plaintiffs did not challenge that statement during her deposition—indeed, Collins was barely even mentioned.

As such, nothing in the record disputes 19th Capital's assertions that it was not Collins's employer and that its only connection to the crash and other parties in this case is as lessor of the trailer. Plaintiffs cite to the definitions of "employer" and "employee" in the Federal Motor Carrier Safety Regulations to argue that 19th Capital is liable as a "statutory employer." 49 C.F.R. § 390.5. But that regulation only provides definitions, not bases for liability. *Johnke*, 2016 WL 454333, at *7. It cannot

be the case that 19th Capital is liable as an employer simply because it meets this definition. This would result in a nonsensical situation where any employer could be sued for any crash in the country involving a person who qualifies as an employee. So there must still be some evidence of an actual employer-employee relationship between the parties involved, and such evidence is completely absent here.

Plaintiffs also attack Clipper's credibility, arguing she had no foundation to attest to the facts in her affidavit. While Clipper was unable to answer certain questions about 19th Capital during her deposition, this does not mean she lacked a basis to attest to the specific facts in her affidavit, which were based on her firsthand review of the Master Lease Agreement and communications with a representative of H19 Capital, the corporation that purchased 19th Capital's assets in May 2020. It is hardly unusual that Clipper might have lacked broad knowledge of 19th Capital's overall employment structure around the time of the accident but nonetheless been informed that a specific person was not employed by the company. Furthermore, other evidence in the record supports 19th Capital's position, including the police report that identifies Old South as the vehicle owner and freight carrier for which Collins was driving, and discovery responses indicating that Collins was employed as an independent contractor by TTML, not 19th Capital.

Because there is no basis to find that Collins was an agent or employee of 19th Capital at any relevant time, each of Plaintiffs' claims premised on such a relationship fails as a matter of law. Furthermore, Plaintiffs have cited to no evidence

6

that might sustain any other claim of direct negligence against 19th Capital not barred by the Grave Amendment.

## Conclusion

For the foregoing reasons, the Court converts 19th Capital's motion to dismiss [R. 52] into a motion for summary judgment and grants that motion in 19th Capital's favor as to all claims against it.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: June 15, 2022